IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS GERALD COLLINS JR.,

      Plaintiff,

vs.

CITY OF LAS CRUCES POLICE
DEPARTMENT, FRANK GOMEZ,
OFFICER MR. GUERRA,

      Defendants.

No. 15-CV-00128 SMV/GBW
Removed from Third Judicial District
No. D-307-CV-2015-00071
Judge Mary Rosner

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINEITE STATEMENT

COMES NOW City of Las Cruces Police Department, Frank Gomez, and Officer Mr. Guerra, ("City Defendants"), by and through their counsel of record, the City Attorney's Office (William R. Babington Jr., City Attorney, and Robert A. Cabello, Assistant City Attorney), pursuant to FED. R. CIV. P. 12(b)6 and respectfully asks the Court to dismiss without prejudice Plaintiff's Complaint for failure to state a claim, or in the alternative, order Plaintiff to amend his Complaint to make a more definite statement pursuant to FED. R. CIV. P. 12(e).  In support of their Motion to Dismiss for Failure to State a Claim or in The Alternative Motion For a More Definite Statement, Defendants state as follows:

### Plaintiff's Complaint Fails to State a Claim

This Court should dismiss Plaintiff's Complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Furthermore, the Complaint violates the general

pleadings requirements of the Federal Rules of Civil Procedure, making it impossible to determine whether Plaintiff has alleged any meritorious claims against Defendant.  Plaintiff's Complaint fails to meet the standard pleading requirements of FED R. CIV. P. 8(a), and should, therefore, be dismissed pursuant to FED R. CIV. P. 12(b)6.  "[A] pleading that states a claim for relief must contain . . . short and plain statement of the claim showing that the pleader is entitled to relief[.]"  FED. R. CIV. P. 8(a).  The Complaint does not allege the rights violated nor does it enumerate how the rights were violated.

Plaintiff's Complaint is not cured by the broad standards and latitude used to construe a pro se party's complaint.  A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *see also Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir. 1989).  A court reviewing the sufficiency of a complaint presumes all of plaintiff's well pled factual allegations are true and construes them in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *Meade,* 841 F.2d at 1526; *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir. 1986).

The Complaint should be dismissed if "it appears beyond doubt that the [P]laintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (footnote omitted); *Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir. 1988).  In this instance, the Plaintiff's factual allegations in their entirety are:

"[I] called P.D. on burglary; cops came.   Arrest was made 11/12/14=8:30am. E[xcept] burglar returned.  Called P.D. again.  Altercation happened.  The police [at] the scene handled the situation wrongfully and unlawfully.  Civil Rights and human rights have been violated, under God."   Plaintiff's Complaint (Exhibit A).

There is no indication of what specific constitutional civil right of Plaintiff is involved, and what human rights . . . under God that are constitutional rights that may be involved.

The statements that the police "wrongfully and unlawfully" handled the situation are simply conclusory statements.  Exhibit A.  Conclusory allegations without supporting factual averments are at best construed as insufficient to state a claim on which relief can be based.  *See Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989).  There is no indication as to how the police handled the situation let alone the manner, which made it wrongful or unlawful.

As a whole, the allegations do not state a claim which would entitle him to relief as a specific right is not invoked nor an allegation as to how his civil rights were violated.  "[T]he complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is the grounds upon which it rests'" *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S 336, 346-47, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).  Without the specific rights enumerated or even an allegation of how the rights were violated, Defendants do not have fair notice as to Plaintiff's claims.

The Complaint should be dismissed without prejudice; however; if the Court determines that dismissal is not appropriate at this time, Defendants request the following relief in the alternative.

3

**In the Alterative Motion for a More Definite Statement**

Plaintiff's Complaint fails to provide Defendants with sufficient notice of the claims asserted against them; therefore, this Court should order Plaintiff to serve a more definite statement on Defendants.  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(c).  An order requiring a more definitive statement is also appropriate where the complaint fails to set forth the allegations in a manner that provides the defendants with sufficient notice.  *See Moya v. Schollenbarger*, 465 F.3d 444, 446 (10th Cir. 2006).

As asserted above, Plaintiff's Complaint fails to provide Defendants notice of his asserted claims by omitting the particular rights violated and how they were violated.  Accordingly, Defendants respectfully move the Court for an Order directing Plaintiff to serve a more definite statement.

**Citations**

Pursuant to FED. R. CIV. P. 7, the City's supporting points with citations are contained herein.

**Plaintiff's Position**

Defendants attempted via telephone to ascertain Plaintiff's position regarding this motion was not obtained; however, he did not provide his position by the time of filing this motion.

**Relief Requested**

WHEREFORE, Defendants respectfully request the Court enter an order dismissing Plaintiff's Complaint without prejudice, or in the alternative, an Order directing Plaintiff to serve a more definite statement of the Complaint on Defendants.

Respectfully submitted,

CITY OF LAS CRUCES


/s/ Robert A. Cabello
William R. Babington Jr.
City Attorney
rbabington@las-cruces.org
Robert A. Cabello
Assistant City Attorney
rcabello@las-cruces.org
P.O. Box 20000
Las Cruces, NM  88004
(575) 541-2128
(575) 541-2017 Fax
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that that on the 6th day of March, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following party to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

> Thomas Gerald Collins, Jr.
> *Unknown email address*
> *Pro Se Plaintiff*

Additionally, I further certify that on the same date I served a true and correct copy of the foregoing via U.S. Mail in a properly addressed and stamped envelope to:

> Thomas Gerald Collins Jr.
> P.O. Box 693
> Las Cruces, NM  88007
> *Pro Se Plaintiff*

/s/ Robert A. Cabello
Robert A. Cabello
