IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS GERALD COLLINS, JR.,

    Plaintiff,

vs.                               Civ. No. 15-128 KG/GBW

CITY OF LAS CRUCES POLICE
DEPARTMENT, OFFICER MR. FRANK GOMEZ,
and OFFICER MR. GUERRA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon Defendants' Motion to Dismiss for Failure to State a Claim or in the Alternative Motion for a More Definite Statement (Motion), filed on March 6, 2015. (Doc. 4). The *pro se* Plaintiff did not respond to the Motion. Having considered the Motion and the Civil Complaint (Doc. 1-2), the Court grants the Motion in that the Court will allow Plaintiff to file an amended Civil Complaint.

        Plaintiff alleges the following in his Civil Complaint:

> Called P.D. on Burglary; cops came. Arrest was made 11/12/14 [at approximately] 8:30 a.m. The Burglar Returned. Called P.D. again. Altercation happened. The Police on the scene handled the situation wrongfully and unlawfully. My civil rights and human rights have been violated, under God.

(Doc. 1-2) at 1. Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss the Civil Complaint for failure to state a claim upon which relief can be granted. Defendants argue that Plaintiff fails to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2) which requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." In the alternative to a Rule 12(b)(6) dismissal, Defendants move the Court under Fed. R. Civ. P. 12(e) to order Plaintiff to file a more definite statement of his claim.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations which, if true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Moreover, the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint that "tenders 'naked assertions' devoid of 'further factual enhancement'" does not meet the Rule 8(a)(2) pleading standard. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Although the Court may dismiss a *pro se* party's complaint under Rule 12(b)(6) for failure to state a claim, the pleadings filed by a *pro se* party should be construed liberally. *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). While a *pro se* litigant's pleadings are held to less stringent standards, *pro se* litigants must nevertheless comply with the Federal Rules of Civil Procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 514 U.S. 1048 (1995). The Court is not obliged to craft legal theories for the *pro se* plaintiff or to supply factual allegations to support a *pro se* plaintiff's claim to relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Even liberally construing Plaintiff's Civil Complaint and assuming that the allegations in the Civil Complaint are true, the Civil Complaint contains only conclusory allegations devoid of factual support. Plaintiff fails to allege what civil rights were violated or how Defendants violated those civil rights. Thus, the Court could dismiss the Civil Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Nonetheless, the Court concludes that dismissing the Civil Complaint would be unjust. Considering Plaintiff's *pro se* status, Plaintiff should be allowed to file an amended Civil Complaint to more definitely state which specific civil rights Plaintiff alleges Defendants violated as well as how each Defendant violated those civil rights. *See* Rule 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *See also Denton v. Hernandez,* 504 U.S. 25, 34 (1992) (*pro se* litigant "entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect.").

IT IS ORDERED that

1. the Motion to Dismiss for Failure to State a Claim or in the Alternative Motion for a More Definite Statement (Doc. 4) is granted with respect to the alternative Motion for a More Definite Statement;

2. on or before July 6, 2015, Plaintiff must file an amended Civil Complaint to cure the deficiencies and concerns identified in the Motion to Dismiss for Failure to State a Claim or in the Alternative Motion for a More Definite Statement; and

3. failure to comply with this Memorandum Opinion and Order will result in a dismissal of this lawsuit.[1]

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* Rule 12(e) ("If the court orders a more definite statement and the order is not obeyed within … the time the court sets, the court may strike the pleading….").